IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OR ARKANSAS
FAYETTEVILLE DIVISION

LADENA IONA CURTIS                                                                      PLAINTIFF

v.                                         CIVIL NO. 12-5185

CAROLYN W. COLVIN,[1] Commissioner
Social Security Administration                                                          DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Ladena Iona Curtis, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.     Procedural Background:**

The applications for DIB and SSI presently before this Court were protectively filed on March 22, 2005, alleging an inability since February 13, 2005, due to arthritis and carpel tunnel syndrome. (Tr. 13, 67). An administrative hearing was held on March 8, 2007, at which Plaintiff appeared with counsel and testified. (Tr. 229-278).

---

[1] Carolyn W. Colvin, has been appointed to serve as acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

AO72A
(Rev. 8/82)

In a written decision dated April 13, 2007, the ALJ found that Plaintiff retained the RFC to perform light work. (Tr 13-19). The Appeals Council declined review of the ALJ's decision on October 15, 2007. (Tr. 2-4). Plaintiff appealed this decision in federal district court.

In a decision dated March 26, 2009, the Court remanded Plaintiff's case back to the Commissioner. (Tr. 320-328). The Appeals Council vacated the ALJ's, decision, and remanded Plaintiff's case back to the ALJ on May 11, 2009. (Tr. 316). The Appeals Council directed the ALJ to combine subsequent applications filed by Plaintiff on November 7, 2007, to be combined with the previous application because it pertained to overlapping periods of time. (Tr. 319).

On September 9, 2009, a supplemental hearing before the ALJ was held, at which Plaintiff appeared with counsel and testified. (Tr. 509-535).

By written decision dated March 12, 2010, the ALJ found that Plaintiff had an impairment or combination of impairments that are severe. (Tr. 292). Specifically, the ALJ found Plaintiff had the following severe impairments: arthritis, carpal tunnel syndrome, and situational depression and anxiety. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments do not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 292). The ALJ found Plaintiff retained the RFC to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that the claimant can sit for six hours and only stand and walk for up to two hours; she can occasionally climb stairs and ramps, balance, crawl, stoop, kneel, and crouch; she cannot climb ladders or scaffolds; and she cannot reach overhead with the dominant upper extremity or engage in rapid and repetitive flexion and extension of the dominant upper extremity or engage in rapid and repetitive flexion and extension of the dominant wrist. In addition, the claimant had moderate difficulties in maintaining concentration, persistence, pace, and social functioning. She can only do work where interpersonal contact is incidental to

> the work performed and where the complexity of tasks is learned and performed by rote with few variables and little judgment involved. Supervision must be simple, direct, and concrete.

(Tr. 293). With the help of vocational expert testimony, the ALJ found Plaintiff could perform work as a production and assembly worker, and a vehicle escort driver. (Tr. 298).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on June 20, 2012. (Tr. 279-281). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 14, 15).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.  Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the

-3-

evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see also 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920.

**III.    Discussion:**

Plaintiff contends that the ALJ erred in concluding that the Plaintiff was not disabled because: 1) the ALJ erred in failing to consider all of Plaintiff's impairments in combination; 2) the ALJ erred in the analysis and credibility findings in regard to Plaintiff's subjective complaints; 3) the ALJ erred in finding that Plaintiff retained the RFC to perform less than a full range of light work; and 4) the ALJ failed to fully and fairly develop the record.

**A.    Combination of Impairments:**

Plaintiff argues that the ALJ erred in failing to consider all of the claimant's impairments in combination.

The ALJ stated that in determining Plaintiff's RFC, he considered "all of the claimant's impairments, including impairments that are not severe." (Tr. 291). The ALJ further found that the Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments. (Tr. 292). Such language demonstrates the ALJ considered the combined effect of Plaintiff's impairments. Hajek v. Shalala, 30 F.3d 89, 92 (8th Cir. 1994).

**B.    RFC Assessment:**

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of

Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

In the present case, the ALJ considered the medical assessments of examining and non-examining agency medical consultants, Plaintiff's subjective complaints, and her medical records when he determined Plaintiff could perform light work with limitations. Plaintiff's capacity to perform this work is also supported by the fact that the medical evidence does not indicate that Plaintiff's examining physicians placed restrictions on her activities that would preclude performing the RFC determined. See Hutton v. Apfel, 175 F.3d 651, 655 (8th Cir. 1999) (lack of physician-imposed restrictions militates against a finding of total disability). With regard to Plaintiff's upper extremities, the medical evidence revealed that while Plaintiff had a 75% grip strength when she was seen by Dr. Neil Mullins in 2005, Plaintiff had a 100% grip strength in April of 2009 when she was evaluated by Dr. Tad Morgan. (Tr. 140, 460). In April of 2009, Plaintiff was also able to pick up a coin, hold a pen and write, and exhibited full range of motion in her shoulders, elbows, wrists and hands. (Tr. 459). Accordingly, the Court finds there is substantial evidence of record to support the ALJ's RFC findings.

**C.    Subjective Complaints and Credibility Analysis:**

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily

activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards, 314 F.3d at 966.

After reviewing the administrative record, and the Defendant's well-stated reasons set forth in her brief, it is clear that the ALJ properly considered and evaluated Plaintiff's subjective complaints, including the Polaski factors. With regard to obesity, a review of the record reveals Plaintiff did not allege obesity as a disabling impairment when she applied for benefits nor did she testify to problems she experienced due to obesity at the hearing before the ALJ. See Anderson v. Barnhart, 344 F.3d 809, 814 (8th Cir.2003) (claim of obesity impairment waived on appeal where claimant did not raise any limitation from the impairment in his application or during hearing).

Therefore, although it is clear that Plaintiff suffers with some degree of pain, she has not established that she is unable to engage in any gainful activity. See Craig v. Apfel, 212 F.3d 433, 436 (8th Cir. 2000) (holding that mere fact that working may cause pain or discomfort does not mandate a finding of disability). Accordingly, the Court concludes that substantial evidence supports the ALJ's conclusion that Plaintiff's subjective complaints were not totally credible.

    **D.**    **Hypothetical Question to the Vocational Expert:**

After thoroughly reviewing the hearing transcript along with the entire evidence of record, the Court finds that the hypothetical the ALJ posed to the vocational expert fully set forth the impairments which the ALJ accepted as true and which were supported by the record as a whole. Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005). Accordingly, the Court finds that the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion that during the relevant time period Plaintiff's impairments did not preclude her from performing work as a production and assembly worker, and a vehicle escort driver. Pickney v. Chater, 96 F.3d 294, 296 (8th Cir. 1996)(testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

**IV.**    **Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed. The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

Dated this 24th day of February, 2014.

                                                  /s/ *Erin L. Setser*
                                                  HON. ERIN L. SETSER
                                                  UNITED STATES MAGISTRATE JUDGE